# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
the SUBJECT PARCEL bearing tracking number EJ680603661US, more fully described in Attachment A

)
)
)
)
)
)

Case No.   MJ21-429

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
USPS parcel bearing tracking number EJ680603661US, more fully described in Attachment A, incorporated herein by reference,

located in the   Western   District of   Washington  , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution and Possession with Intent to Distribute Controlled Substances |
| 21 U.S.C. § 843(b) | Unlawful Use of Communication Facility to Facilitate Trafficking of Controlled Substance |

The application is based on these facts:
✓ See Affidavit of Postal Inspector Mitchel Vanicek, continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*

Mitchel Vanicek, Postal Inspector
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
● The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date:   07/23/2021

*Judge's signature*

City and state:  Seattle, Washington     Michelle L. Peterson, United States Magistrate Judge
*Printed name and title*

USAO: 2021R00793

| | |
|---|---|
| **STATE OF WASHINGTON** | ) |
| | ) |
| **COUNTY OF KING** | ) |

## AFFIDAVIT

I, Mitchel Vanicek, being first duly sworn on oath, depose and say:

### BACKGROUND

1. I am a United States Postal Inspector with the United States Postal Inspection Service, assigned to the Seattle Division Headquarters office in Seattle, Washington, and have been employed as a Postal Inspector for fifteen years. I am authorized to conduct investigations on behalf of the United States Postal Inspection Service. I have previously conducted investigations involving federal violations of Title 18, United States Code, Sections 1956(a)(1) (laundering of monetary instruments), 1343 (wire fraud), 1344 (bank fraud), and other federal crimes. I have previous experience regarding the collection and analysis of computer evidence in relation to criminal investigations. I have received extensive training in financial crimes investigations including: Financial Records Examination and Analysis, Interview and Interrogation Techniques, Bank Secrecy Act Data and Funds Transfers, Money Laundering, Fraud and Identity Theft, the Dark Web, and other Financial Crimes-related trainings, seminars, conferences, and events.

2. **Duties, Training & Experience.** As part of my duties, I investigate the use of the U.S. mails to illegally mail and receive controlled substances, the proceeds of drug trafficking, as well as other instrumentalities associated with drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances), and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances and proceeds from the sale thereof). As set forth below, my training and experience includes identifying parcels with characteristics indicative of criminal activity. During the course of my employment with Postal Inspection Service, I

AFFIDAVIT OF MITCHEL VANICEK - 1
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

have participated in many criminal investigations involving suspicious parcels and controlled substances.

3. The information contained in this affidavit is based upon knowledge I gained from my investigation, my personal observations, my training and experience, and investigation by other law enforcement officers. Because the purpose of this affidavit is limited to setting forth probable cause to search the SUBJECT PARCEL described below, I have not set forth every fact of which I am aware pertaining to the investigation.

4. Through my training and experience, I am aware the United States Postal Service (USPS) mail system is often used to transport controlled substances and/or the proceeds from the sale of controlled substances throughout the United States. I have learned and observed that sometimes drug traffickers put controlled substances and proceeds in the same parcel. I also know drug traffickers prefer mail/delivery services such as Express and Priority Mail because of the reliability of these services, as well as the ability to track the article's progress to the intended delivery point. When a drug trafficker learns a mailed article has not arrived as scheduled, he/she can become suspicious of any delayed attempt to deliver the item.

5. In addition, I am aware the USPS Express and Priority Mail services were custom-designed to fit the needs of businesses by providing overnight delivery for time sensitive materials. Business mailings often contain typewritten labels, are in flat cardboard mailers, and usually weigh less than eight (8) ounces. In addition, businesses using corporate charge accounts print their account number on the Express and Priority Mail label in order to expedite transactions with USPS.

6. Based on my training and experience concerning the use of Express and Priority Mail for the transportation of controlled substances and/or proceeds, I am aware that these parcels usually contain some or all of the following characteristics (which are different than characteristics of parcels being sent by legitimate businesses):

    a. Unlike typical Express and Priority Mail business mailings which usually have typed labels, parcels containing controlled substances and/or proceeds often have handwritten address information. In

AFFIDAVIT OF MITCHEL VANICEK - 2
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

addition, the address information often contains misspelled words or incomplete/incorrect addresses. This is done in an effort to help conceal the true identities of the individuals involved.

b. The handwritten label on Express and Priority Mail parcels containing controlled substances and/or proceeds do not contain a business account number and/or credit card number. This often indicates that the sender likely paid cash. A credit card or business account number would more likely enable law enforcement officers to connect the parcel to identifiable individuals.

c. Express and Priority Mail parcels containing controlled substances and/or proceeds are often distinguishable from typical business mailings as they do not bear any advertising on the mailing container/box, and are typically mailed from one individual to another.

d. The sender and/or recipient addresses on Express and Priority Mail parcels containing controlled substances and/or proceeds are often either fictitious, or are persons not associated with the addresses listed in USPS or law enforcement databases.

e. The zip codes for the sender addresses on Express and Priority Mail parcels containing controlled substances and/or proceeds are often different from the zip codes of the post offices from where the parcels were mailed.

f. Express and Priority Mail parcels containing controlled substances and/or proceeds are often heavily taped with tape on the seams of the parcel, in an apparent effort to conceal scent.

g. Express and Priority Mail parcels containing controlled substances and/or proceeds often include a waiver of signature requirement upon delivery.

7. Agents who encounter a parcel with any or all of the above characteristics often further scrutinize the parcel by, among other tactics, conducting address

AFFIDAVIT OF MITCHEL VANICEK - 3
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

verifications using law enforcement databases and conducting trained narcotic-detecting canine examinations.

## ITEM TO BE SEARCHED

8. As set forth in Attachment A, this affidavit is made in support of an application for a search warrant for one USPS Priority Mail Express parcel, hereinafter referred to as the "SUBJECT PARCEL." The SUBJECT PARCEL is believed to contain controlled substances or proceeds from the sale of controlled substances. The SUBJECT PARCEL is further described as follows: One Priority Mail Express parcel addressed to "Tyrin James, 2430 96th ST S APT G20, Tacoma, WA 98444," with a return address of "Nevaeh Rod, 5302 Indio Cir #B, ATX 78745." This parcel is a Priority Mail Express parcel measuring approximately 17.5" x 14" x 10.5". The parcel weighs approximately 5 pounds and 3 ounces. This parcel is postmarked July 14, 2021, from Austin, Texas, and carries $79.55 in postage. The tracking number associated with the parcel is EJ680603661US.

## ITEMS TO BE SEIZED

9. As set forth in Attachment B, the application requests that law enforcement officers and agents be authorized to seize the following from the SUBJECT PARCEL, which constitute the fruits, instrumentalities, and evidence of mailing and distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances):

   a. Controlled substances, including, but not limited to, cocaine, crack cocaine, heroin, hashish, marijuana, methamphetamine, MDMA, methadone, fentanyl, oxycodone, and Oxycontin;

   b. Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

   c. Controlled substance-related paraphernalia;

AFFIDAVIT OF MITCHEL VANICEK - 4
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      d.      Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

      e.      Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and

      f.      Fingerprints and/or handwriting, to identify who handled and/or mailed the parcel.

## THE INVESTIGATION

10. On July 15, 2021, the U.S. Postal Inspection Service was conducting an interdiction, investigating parcel information in many parts of Washington State, including Tacoma, WA. The emphasis for the interdiction was targeting inbound Express and/or Priority Mail parcels and envelopes possibly containing narcotics and/or monetary proceeds derived from illegal drug trafficking activity.

11. The SUBJECT PARCEL was initially identified as a suspicious parcel because it is marked with a handwritten label, which does not contain any business account information. In addition, the SUBJECT PARCEL was shipped from Austin, Texas. I know through my training and experience that Texas is a destination state for marijuana parcels shipped from the source state of Washington and an origin state for marijuana proceeds shipped to Washington. Postage for the SUBJECT PARCEL was paid in cash. I know through my training and experience that these are tactics commonly used by drug traffickers using the U.S. mails in an attempt to elude detection by law enforcement. Additionally, I recognized the recipient address from two additional parcels I identified as suspicious earlier in the week going to Tyrin James, 2430 96th ST S APT G20, Tacoma, WA 98444. I requested the two previous parcels be sent to my office in Seattle, WA. They arrived on July 15, 2021. I applied for and received a federal search warrant for both parcels on July 19, 2021, under case numbers MJ21-418 and MJ21-419. I served those warrants the same day and found $13,250 in one parcel and $4,485 in the other. The currency in both parcels was concealed in a manner

AFFIDAVIT OF MITCHEL VANICEK - 5
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

consistent with drug trafficking. The parcel with $13,250 had a strong smell of marijuana. The other did not.

12. On July 15, 2021, I telephoned a supervisor at the Tacoma Parkland Station Post Office and requested that he overwrap the SUBJECT PARCEL and mail it to my office in Seattle, WA. On July 20, 2021, the SUBJECT PARCEL arrived at my office. The supervisor who mailed the parcel to me had placed a new mailing label directly over the old label, and a new postal validation imprinter (PVI) label over the existing one. He also wrote "Official" in red ink on the outside of the parcel. I was successful in removing the new PVI label to reveal to old PVI label. I was unable to remove the new shipping label and leave the old label intact. From what was left of the label I was able to read "Nevaeh……. 5302…… ATX" normally as the return address. I was able to see the reverse of the rest of the return address. Using a camera I was able to take a picture of the reverse and invert it to read "Nevaeh Rod, 5302 Indio Cir #B, ATX 78745." I was able to remove the new label in matter which revealed the recipient address of "Tyrin James, 2430 96th ST S, APT G20 Tacoma, WA 98444." Please note the "T" in Tyrin and the "2" in 2430 are partly obscured from my removing the new label. However, I can see both the "T" and the "2" in what bled through onto the parcel. I was also able to clearly find the tracking number of EJ680603661US. To avoid the possibility of confusing this parcel for another, I placed my initials and date on the parcel to the right of the red word official written by the supervisor and below the PVI label. The following photographs more clearly show the label condition.

AFFIDAVIT OF MITCHEL VANICEK - 6
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970





AFFIDAVIT OF MITCHEL VANICEK - 7
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

[Photograph of a damaged USPS Priority Mail parcel label showing barcode "EJ 680 603 661 US"]

13. THE SUBJECT PARCEL arrived at the USPS sorting facility in Tukwila, WA on July 15, 2021.

14. Using USPS and law enforcement databases, I researched the sender address. I learned that the address "5302 Indio Cir #B, Austin, TX 78745" is a true and deliverable address but I was unable to associate Nevaeh Rod with the address. I was further unable to associate anyone with the last name "Rod" or any similar names to Nevaeh to the address. However, I was able to associate Javier Rodriguez to the address. Mr. Rodriguez has two prior convictions for possession of controlled substances.

15. Using USPS and law enforcement databases, I researched the recipient address. I learned that the address "2430 96th ST S APT G20, Tacoma, WA 98444" is a true and deliverable address. I was able to associate Tyrin James with the address

16. On July 21, 2021, I requested the assistance of Customs and Border Protection Officer Kristina Johnson and her trained narcotics detection dog "Remi." On July 21, 2021, I met Officer Johnson at the United States Post Office located at 10700 27th AVE S, Tukwila, WA 98168. At approximately 10:00 AM, Officer Johnson and Remi searched a large warehouse room at the aforementioned Post Office. Officer Johnson told me the dog did not alert to any odors of narcotics. At approximately 10:07 AM, I placed the SUBJECT PARCEL in the same warehouse room out of the view of

AFFIDAVIT OF MITCHEL VANICEK - 8
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Remi and Officer Johnson. At approximately 10:08 AM, Officer Johnson again searched the warehouse room with her narcotics detection dog Remi. At approximately 10:10 AM, Officer Johnson observed an immediate change in Remi's posture and behavior when Remi performed a "sit," which alerted to the odor of narcotics emanating from where I had hidden the SUBJECT PARCEL. Attachment C, attached hereto and incorporated by reference herein, contains an affidavit detailing Officer Johnson's training and experience with canine Remi.

17. The SUBJECT PARCEL was referred to me for further investigation and search warrant preparation and is currently stored at the U.S. Postal Inspection Service office located at 301 Union Street, Seattle, WA 98101.

//
//
//

AFFIDAVIT OF MITCHEL VANICEK - 9
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

18. Based on the facts set forth in this affidavit, including Attachment C, I believe there is probable cause to conclude that the SUBJECT PARCEL, more fully described in Attachment A, contains controlled substances, currency, documents, or other evidence, more fully identified in Attachment B, that relates to the mailing and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances).

Mitch Vanicek, Affiant
U.S. Postal Inspector
United States Postal Inspection Service

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit by telephone on this 23rd day of July, 2021.

HON. MICHELLE L. PETERSON
United States Magistrate Judge

AFFIDAVIT OF MITCHEL VANICEK - 10
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT A
## Parcel to be searched

One Priority Mail Express parcel addressed to "Tyrin James, 2430 96th ST S APT G20, Tacoma, WA 98444," with a return address of "Nevaeh Rod, 5302 Indio Cir #B, ATX 78745." This parcel is a Priority Mail Express parcel measuring approximately 17.5" x 14" x 10.5". The parcel weighs approximately 5 pounds and 3 ounces. This parcel is postmarked July 14, 2021, Austin, Texas and carries $79.55 in postage. The tracking number associated with the parcel is EJ680603661US. This parcel is currently stored at the U.S. Postal Inspection Service office located at 301 Union Street, Seattle, WA 98101.



ATACHMENT A
PARCEL TO BE SEARCHED
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B

Items to be seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Sections 841(a)(1) and 843(b):

    a.    Controlled substances, including, but not limited to, cocaine, crack cocaine, heroin, hashish, marijuana, methamphetamine, MDMA, methadone, fentanyl, oxycodone, and Oxycontin;

    b.    Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

    c.    Controlled substance-related paraphernalia;

    d.    Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

    e.    Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and

    f.    Fingerprints and/or handwriting, to identify who handled and/or mailed the parcel.

ATACHMENT B
ITEMS TO BE SEIZED
2021R00793 [ROD to JAMES]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



**U.S. Customs and Border Protection**
**Department of Homeland Security**

**Canine Enforcement Office**
19339 28th Ave. S. Bldg. D
Sea-Tac, WA 98188

# AFFIDAVIT

I, Kristina M. Johnson, am a Canine Officer with U.S. Customs and Border Protection, assigned to the Seattle-Tacoma area. My assigned canine, "REMI" (170178) was initially certified with me on April 18, 2018 after successfully completing U.S. Customs and Border Protection detection Re-Team training. Canine "REMI" was trained to detect the odors of concealed humans, Marijuana, Hashish, Cocaine, Heroin, Methamphetamine, Ecstasy Fentanyl and their derivatives. I and canine "REMI" maintain our annual certification through the Customs and Border Protection regulations. This certification is a comprehensive test designed to measure the ability of the dog and the handler in searching for and indicating the presence of controlled substances. This certification consists of searches administered in different environments with a variety of distractions and is designed to duplicate actual field conditions which may be encountered by the canine team. Canine "REMI" must pass 16 of the 17 controlled finds (15 active and 2 blinds) with equates to a 94% or greater accuracy.

I and canine "REMI" participate in maintenance training, which is no less than 16 hours per month. Ongoing training includes:
- Training in all areas of interdiction, such as vehicles, boats, schools, currency, parcels and mail, airports, bus and bus depots, storage units, residences, motels, apartments, etc.
- Training on various quantities of controlled substances, ranging from grams to pounds.
- Training on controlled negative (blank) testing, in which all objects or locations have no contraband present
- Conflict training, which proofs the dog and prevents her from alerting to common items associated with controlled substances, such as plastic bags, etc. and/or reward objects or toys

CBP maintains training records of the on-going training. All training records and certifications are constantly maintained and up to date and current.

1

The dogs are given a rating at each training day that is maintained for 90 days.

The ratings for each training day are based on unsatisfactory, poor, fair, average, good or excellent performance. Canine "REMI" has maintained a rating of "Good" over the last 90 days. Canine "REMI" is trained with a passive response/indication (sit or lay down), with various objects (toys) being her reward. Canine "REMI" last certification was June 02, 2021.

On July 15, 2021, at approximately 10:00 AM, CBPO K-9 Johnson and K-9 "REMI" (170178) cleared a large warehouse and determined it to be clear of the odor of narcotics. The subject parcel was then hidden inside the large warehouse, outside of the view of Officer Johnson and K-9 "REMI". Officer Johnson systematically applied K-9 "REMI" starting with the periphery of the warehouse. Upon approaching the suspect parcel, K-9 "REMI" stopped and took several deep breaths and sat at approximately 10:10 AM. When "REMI" sits, it's an indication that she detects the odor of narcotics coming from the parcel. "REMI" alerted to the following suspect parcel:

US Postage Paid Tracking Number:    R2303S103062-5

Shipped From:   Austin, TX 78704
                July 14, 21
                Amount $79.55

Sending To Zip Code: 98444

In the upper right hand corner of the damaged label is the name "Nevaeh" along with "5302" and "ATX"

I have been a Canine Officer since October 2008.

I certify under penalty of perjury under the laws of the State of Washington that that the foregoing is true and correct to the best of my knowledge.

Signed _____    Date 21 July 2021

Kristina M. Johnson
Canine Enforcement Officer
U.S. Customs and Border Protection
Seattle, WA
(206) 396-1864 (cell)

2